**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHERYL L. CHAMPION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN,<br>Commissioner of Social Security,<br><br>　　　　Defendant. | Case No.: 1:11-cv-01504 - JLT<br><br>ORDER GRANTING IN PART COUNSEL'S MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b) |

Steven Rosales ("Counsel"), attorney for Plaintiff Cheryl Champion ("Plaintiff"), seeks an award of attorney fees pursuant to 42 U.S.C. § 406(b). (Doc. 25.) Plaintiff has not opposed the motion, and the Commissioner "has no objection to the fee request." (Doc. 26 at 1.) For the following reasons, the motion for attorney fees is **GRANTED IN PART**.

**I.      Factual and Procedural History**

Plaintiff and Counsel entered into a contingent fee agreement on July 20, 2011, which provided Plaintiff would pay twenty-five percent of any awarded past due benefits. (Doc. 25- 1.) On August 10, 2011, Plaintiff filed a complaint for review of the administrative decision denying her Social Security benefits. (Doc. 1.) The Court determined the ALJ's decision was not supported by substantial evidence in the record, and issued an order remanding the matter for further proceedings pursuant to 42 U.S.C. § 405(g) on October 30, 2012. (Doc. 21.)

Following the entry of judgment in favor of Plaintiff (Doc. 22), the parties filed stipulation for

1 an award of attorney's fees and costs pursuant to the Equal Access to Justice Act. (Doc. 23.) Pursuant
2 to the terms of the stipulation, the Court awarded $3,850.00 to Plaintiff. (Doc. 24.)
3       On June 19, 2013, an administrative law judge issued a fully favorable decision for Plaintiff,
4 finding she was disabled under the Social Security Act. (Doc. 25-2 at 1-3.) Following this decision,
5 the Social Security Administration determined Plaintiff was "entitled to monthly disability benefits
6 from Social Security beginning June 2007," which and would receive a check "for $52,154.15, which
7 is the money [Plaintiff was] due through May 2013." (Doc. 25-3 at 1.)
8       Although the Social Security Administration calculated $52,154.15 in benefits, the Court noted
9 Plaintiff's counsel seeks an award of attorney fees based upon an award of $74,934 in retroactive
10 benefits. (Doc. 27.) Accordingly the parties were directed to file briefs addressing the discrepancy in
11 the amounts calculated. (*Id.*) Plaintiff filed a response on December 16, 2013, explaining: "In
12 calculating the total of the retroactive benefit, Counsel for plaintiff added the monthly amounts listed
13 in the Notice of Award for the retroactive period of June 2007 through May 2013." (Doc. 28 at 2.)
14 The Commissioner did not file a response.

15 **II.     Attorney Fees under § 406(b)**

16       An attorney may seek an award of attorney fees for representation of a Social Security
17 claimant who is awarded benefits:

18-21
> Whenever a court renders a judgment favorable to a claimant under [42 USC § 401, *et seq*] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . . .

22 42 U.S.C. § 406(b)(1)(A); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002) (Section 406(b)
23 controls fees awarded for representation of Social Security claimants). A contingency fee agreement
24 is unenforceable if it provides for fees exceeding twenty-five percent of past-due benefits. *Id.* at 807.

25 **III.    Discussion and Analysis**

26       District courts "have been deferential to the terms of contingency fee contracts § 406(b) cases."
27 *Hern v. Barnhart*, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003). However, the Court must review
28 contingent-fee arrangements "as an independent check, to assure that they yield reasonable results in

2

particular cases." *Gisbrecht*, 535 U.S. at 807.  In doing so, the Court should consider "the character of the representation and the results the representative achieved." *Id.* at 808.  In addition, the Court should consider whether the attorney performed in a substandard manner or engaged in dilatory conduct or excessive delays, and whether the fees are "excessively large in relation to the benefits received." *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) (en banc).

In this case, Plaintiff willingly entered into the contingent fee agreement in which she agreed to pay "25% of the backpay awarded." (Doc. 25-1 at 1, emphasis omitted.)  Counsel accepted the risk of loss in the representation, and he and his paralegal spent 22.4 hours on the case.  (Doc. 28 at 3.)  Counsel provided a record of the time spent on the matter, which demonstrates the amount of time was reasonable.  (Doc. 25, Exh. 4).

As a result of Counsel's work to remand the action to an administrative law judge, Plaintiff ultimately received an award of benefits in the amount of $52,154.15.  However, given the backpay period, counsel appears to correctly calculate the retroactive amounts due to be $74,934 and it appears the award of the lower amount is either a net award or a typographical error.[1] (*See* Doc. 25-3.)  Under the terms of the contract between Plaintiff and Counsel, the calculation of attorney fees would be based upon the amount of backpay awarded. (Doc. 25-1 at 1.)  Consequently, Counsel is entitled to an award of twenty-five percent of the amount awarded, or twenty-five percent of $74,934, which totals $18,733.50.  This amount appears reasonable in light of the results achieved.  Because $3,850.00 was paid under the EAJA, the net cost to Plaintiff is $14,883.50.

## IV.   Conclusion and Order

Based upon the foregoing, **IT IS HEREBY RECOMMENDED**:

1. Counsel's motion for attorney fees pursuant to 24 U.S.C. §406(b) (Doc. 25) is **GRANTED**;
2. The Commissioner is **DIRECTED** to pay the amount of $18,733.50 directly to Counsel; and

///

---

[1] The Court is confident counsel will take steps to correct this error for Plaintiff.

3

3.     Counsel is **DIRECTED** to refund $3,850.00 to Plaintiff Cheryl Champion.

IT IS SO ORDERED.

Dated:     **February 18, 2014**                              **/s/ Jennifer L. Thurston**
                                                                                    UNITED STATES MAGISTRATE JUDGE